**DEPARTMENT FOR HUMAN RESOURCES, Commonwealth of Kentucky, Appellants,**

v.

**Carl BASHAM et al., Appellees.**

Supreme Court of Kentucky.

Jan. 23, 1976.

Lynn T. Mitchell, Dept. for Human Resources, Frankfort, for appellant.

George P. Gleitz, Bowling Green, for appellees.

PER CURIAM.

The appellees, Carl Basham and his wife Mary Basham, took into their home an infant child born November 13, 1974, upon his release from the hospital. On January 14, 1975, appellees, pursuant to KRS 199.473, filed a written application with the Secretary for Human Resources for permission to receive the child for adoption.

KRS 199.473(1) requires the secretary to cause an investigation to be made of the home and the background of the persons wishing to receive a child for adoption for the purpose of determining the suitability of the applicants to receive a child, taking into account at all times the best interest of the child.

After making his investigation the secretary denied the application in a letter as follows:

"DEPARTMENT FOR HUMAN RESOURCES
Commonwealth of Kentucky
Frankfort 40601

March 13, 1975"

"Mr. and Mrs. Carl E. Basham
119 W. 13th Street
Bowling Green, Kentucky 42101

Dear Mr. and Mrs. Basham:

This is to notify you, Carl and Mary Basham, that your application for permission to receive Jason Dewayne Wilson, born November 13, 1974, is denied. This decision is based on the knowledge that Jason's mother, Katherine S. York, does not consent to your adopting him and has requested that he be returned to her. We are also concerned about the strong possibility of hostile interference by Jason's mother in your family life in the future, which would not be conducive to the child's adjustment as a member of your family.

If you can not agree with this decision, you may file an appeal to the decision in Warren Circuit Court within ten days of the receipt of this letter.

Please be assured that we have no doubt about your ability to parent a child. Your application to adopt a child through the Department for Human Resources would be welcomed.

Sincerely,

s/s C. Leslie Dawson

Authorized by: C. Leslie Dawson
Secretary for Human Resources

s/s Jerry B. Hissong

Recommended by: Jerry B. Hissong
Commissioner
Bureau for Social Services

Subscribed and sworn to before me this 19 day of March, 1975.

s/s Darleen T. Doyle
Notary Public, State At Large

My Commission Expires April 10, 1978"

■ A timely appeal of the denial of the application was filed in the Warren Circuit Court. The review of circuit court is limited to a determination of whether the secretary acted arbitrarily, unlawfully or in such a manner as to constitute an abuse of discretion. KRS 199.473(2).

At a hearing of the appeal the trial judge refused to hear evidence as to matters upon which the secretary based his denial and held the action of the secretary to be arbitrary and an abuse of discretion as a matter of law for the reason that the denial was shown by the letter to be based upon factors other than the suitability of the appellees to receive the child.

The issue before us is whether in making the investigation required by KRS 199.-473(1) the secretary is confined to an investigation of the suitability of the applicants as adoptive parents (appellees were found to be suitable) or whether the secretary may consider other matters which, despite the suitability of the applicants, might adversely affect the adoptive child and not be in its best interest.

KRS 199.473(1) provides that in reaching his decision "the commissioner shall be guided by the ability of the persons wishing to receive the child to give the child a suitable home, and shall at all times consider the best interest of the child from a financial, medical, psychological and psychiatric standpoint."

■ The appellees apparently are eminently suitable as adoptive parents but there may be factors with respect to this particular child which would render them unsuitable as adoptive parents for him. KRS 199.473(1) is sufficiently broad to permit a consideration of those factors by the secretary.

The letter of the secretary refers to the strong possibility of hostile interference on the part of the mother. The availability of police protection and injunctive relief may substantially lessen that possibility. In any event the real issue is whether the likelihood of interference by the natural mother is so probable and would be of a nature so detrimental to the welfare of the child and so irremediable that it would not be in the child's best interest to place him with appellees for adoption.

■ The conclusion reached by the secretary cannot be classified as arbitrary or an abuse of discretion by a reviewing authority without consideration of the evidence upon which the secretary based his decision.

The judgment is reversed for further proceedings in conformity with this opinion.

Full court sitting.

All concur.